UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED CABLE SERVICES LLC; IGOR ANOKHIN,<br><br>                              Plaintiffs,<br><br>-against-<br><br>FOSS ENERGY SERVICES, INC.; CLARITY TELECOM, LLC d/b/a BLUEPEAK; NATHAN DOWNING,<br><br>                              Defendants. | 1:25-CV-3325 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs United Cable Services LLC ("UCS") and Igor Anokhin filed this *pro se* action, invoking the court's diversity jurisdiction and specifically invoking the Prompt Payment Act.[1] (ECF 1, at 2.) Named as defendants are: (1) Foss Energy Services, Inc. ("FES"), which is alleged to be incorporated in Texas, and to have its principal place of business at an unspecified location in Texas (*id.* at 3); (2) Clarity Telecom, LLC, ("Clarity") which is alleged to do business as "Bluepeak," to be incorporated in South Dakota, and to have its principal place of business at an unspecified location in Wyoming (*id.* at 4); and (3) Nathan Downing, who is apparently alleged to be a Chief Executive Officer of one of the other defendants (that is not specified, but, perhaps, is FES), and who is alleged to be located in Rockwall, Texas (*id.* at 5). Plaintiffs seek damages in an amount no less than $190,000. (*Id.* at 7.) The Court understands that the complaint is asserting

---

[1] It appears that Anokhin asserts claims *pro se* on behalf of himself and on behalf of UCS, as Anokhin is the only plaintiff to have signed the complaint. (ECF 1, at 6-8.) The complaint alleges that UCS is a citizen of New Jersey (*id.* at 2); Anokhin is located in Morganville, New Jersey (*id.* at 4, 8).

claims under state law, under the court's diversity jurisdiction. For the reasons set forth below, the Court transfers this action to the United States District Court for the District of Wyoming.

## DISCUSSION

The applicable venue provision for Plaintiff's claims can be found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other defendant "with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

The complaint seems to allege that FES, a corporation, resides in Texas, and, because the complaint also seems to allege that FES does business in Wyoming and/or in New Jersey, that it, perhaps, also resides in Wyoming and/or New Jersey. (ECF 1, at 3, 6-7.) The complaint

---

[2] With respect to a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

additionally seems to allege that Clarity resides in South Dakota and in Wyoming. (*Id.* at 4.) Moreover, the complaint appears to allege that Downing resides in Texas. (*Id.* at 5.) Because none of the defendants is alleged to reside anywhere within the State of New York, let alone, within this judicial district,[3] the complaint alleges nothing to suggest that this court is a proper venue for this action under Section 1391(b)(1).

The complaint does allege that the events giving rise to Plaintiffs' claims occurred in Sheridan and in Casper, Wyoming. (*Id.* at 6.) The State of Wyoming constitutes one federal judicial district. *See* 28 U.S.C. § 131. Thus, based on the allegations in the complaint, the United States District Court for the District of Wyoming, and not this court, is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the Court has determined that the United States District Court for the District of Wyoming, and not this court, is a proper venue for this action, in the interest of justice, the Court transfers this action to that court. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Wyoming. Whether Plaintiffs should be permitted to proceed further

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 14, 2025
       New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge